**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

(1) MICHAEL BRATTEN, as Executor )
of the Estate of JENNIFER BRATTEN, )
Deceased, )
         )
              Plaintiff, )
         )
v. )       Case No. CIV-20-206-PRW
         )
(2) SEAN CARDINAL, (3) RAINS and )
SONS TRANSPORTATION, LLC, An )
Oklahoma limited liability company, )
         )
             Defendants. )

## ORDER

Plaintiff filed a motion to remand this case to state court (Dkt. 3) and Defendants did not respond. Plaintiff argues that the forum defendant rule of 28 U.S.C. § 1441(b)(2) prevents removal of this case.

Removal statutes are strictly construed, and all doubts are resolved against removal.[1] A case pending in state court may be removed by a defendant to federal court in "any civil action brought in a State of which the district courts of the United States have original jurisdiction . . . ," including diversity jurisdiction.[2] The party invoking federal jurisdiction has the burden of alleging jurisdictional facts that establish federal subject matter jurisdiction.[3] Defendant Rains and Sons Transportation, LLC, removed this case invoking

---

[1] *See Fajen v. Foundation Reserve Ins. Co., Inc*., 683 F.2d 331, 333 (10th Cir. 1982) (citations omitted).

[2] 28 U.S.C. § 1441(a).

[3] *See McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 182 (1936).

this Court's diversity jurisdiction, which requires among other things the parties be completely diverse. This means that "no plaintiff may be a citizen of the same state as any defendant."[4] When a case is removed solely based on diversity jurisdiction, it "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action was brought."[5]

Plaintiff argues that the forum defendant rule prevents removal here because although the parties are completely diverse, Defendant Rains and Sons Transportation, LLC, is a forum defendant because it is a citizen of Oklahoma that removed the case to Oklahoma federal court.[6] The Court agrees with Plaintiff: removal was based solely on diversity jurisdiction,[7] and Defendant Rains and Sons Transportation, LLC, is properly joined and served as a defendant and is a citizen of Oklahoma, the state in which this action is brought.[8] Moreover, the Court notes that it is Defendant Rains and Sons Transportation, LLC's burden to establish removal was proper, and its silence fails to do so. Remand is thus appropriate.

Plaintiff also requests costs and fees. When a case is remanded to state court, the Court in its discretion "may require payment of just costs and any actual expenses,

---

[4] *Grynberg v. Kinder Morgan Energy Partners, L.P.*, 805 F.3d 901, 905 (10th Cir. 2015).

[5] 28. U.S.C. § 1441(b)(2).

[6] Mot. to Remand (Dkt. 3) at 2−3.

[7] Notice of Removal (Dkt. 1) at 1, 3.

[8] *Id.* at 2.

including attorney fees, incurred as a result of the removal."[9] This determination requires a consideration of the "reasonableness of the removal"; this means that if an "objectively reasonable basis exists" for removal, "fees should be denied."[10]

Shifting of costs and expenses is warranted here because Defendant Rains and Sons Transportation, LLC, did not have an objectively reasonable basis to seek removal since it was plainly contrary to the forum defendant rule. As a result, the Court finds in its discretion that the payment of costs and expenses by Defendant Rains and Sons Transportation, LLC, pursuant to 28 U.S.C. § 1447(c) is warranted, and Plaintiff's request for such costs and expenses is thus granted.

The Court accordingly **GRANTS** Plaintiff's motion for remand and costs and fees and **REMANDS** this case to Payne County District Court.

**IT IS SO ORDERED this 8th day of April, 2020.**

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

---

[9] 28 U.S.C. § 1447.

[10] *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).